UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN THIXTON,

        Plaintiff,

        v.

FRANK BISIGNANO, Commissioner of Social Security,

        Defendant.

Case No.  2:24-cv-3478-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 14 & 16.  For the reasons discussed below, plaintiff's motion is granted, the Commissioner's is denied, and the matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

## Background

On January 9, 2023, plaintiff filed an application for a period of disability and DIB, alleging disability beginning on May 20, 2021. Administrative Record ("AR") 169-75. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 33-51, 52-68, 82-86, 88-91. On August 21, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-28. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2026.

2. The claimant has not engaged in substantial gainful activity since May 20, 2021, the alleged onset date.

\* \* \*

3.  The claimant has the following severe impairments: lumbar degenerative disc disease, meniscal tears of the knees, degenerative joint disease of the bilateral hips, tinnitus, depression, anxiety disorder, attention deficit hyperactivity disorder (ADHD) and posttraumatic stress disorder (PTSD).

\* \* \*

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can stand and/or walk 4 hours in an 8-hour workday. He can perform occasional postural activities but no climbing of ladders, ropes or scaffolds and no exposure to loud noise or hazards. He can understand, remember and carry out simple instructions, tolerate occasional interactions with others and occasional workplace changes.

\* \* \*

6.  The claimant has no past relevant work.

\* \* \*

7.  The claimant was born [in] 1987 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

3

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 20, 2021, through the date of this decision.

AR 19-28 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff argues that the ALJ erred by failing to consider all records that were submitted at the administrative level. ECF No. 14 at 8-9. More specifically, he contends that the ALJ failed to consider a medical opinion from Steven Kay, Psy.D., which was provided in a PTSD Disability Benefits Questionnaire ("DBQ") completed in conjunction with the U.S. Department of Veterans Affairs' ("VA") assessment of plaintiff's disability rating.[1] *Id.*

During the hearing, plaintiff's counsel notified the ALJ that a portion of plaintiff's VA records, including the DBQ completed by Dr. Kay, had been submitted but not included in the administrative record. AR 35-36. The ALJ acknowledged receipt of the VA medical records. *Id.* However, they were never made part of the record. *Id.* The Commissioner does not dispute that the ALJ neither included the DBQ in the administrative record nor addressed it in his decision. He contends, however, that the ALJ did not error by failing to consider the DBQ because it did not include a "medical opinion" as defined by the agency's regulations. ECF No. 16 at 4-5. He further argues that even if the ALJ erred by not considering the DBQ, the error was harmless.

The Commissioner's first argument is unpersuasive for two reasons. First, the ALJ was not permitted to disregard, even if inadvertently, the VA medical records, including the DBQ, that plaintiff submitted in support of his application. In determining whether a claimant is disabled, an ALJ is required to consider all evidence in the record. 20 C.F.R. § 404.1520(a)(3). This includes "objective medical evidence," "medical opinion," "other medical evidence," and "evidence from

---

[1] According to the VA's website, DMQs are used to help the agency "collect necessary medical information to process . . . disability claims." https://www.benefits.va.gov/compensation/dbq_publicdbqs.asp.

4

nonmedical sources." 20 C.F.R. § 404.1513(a)(1)-(4). Even if the DMQ did not contain a medical opinion and was limited to identifying plaintiff's diagnoses, symptoms, and clinical findings, as the Commissioner suggests, such information constitutes "other medical evidence," which the ALJ must consider. *See* 20 C.F.R. § 404.1513(a)(3) (requiring ALJ to consider "other medical evidence," defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [the claimant's] impairments, [claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis").

Second, the Commissioner is mistaken that the DBQ that Dr. Kay authored does not contain a medical opinion. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether" an impairment results in certain limitations, including restrictions in the ability "to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 404.1513(a)(2). Dr. Kay concluded that plaintiff's PTSD impacted his interactions with others, with plaintiff exhibiting "[i]rritable behavior and angry outbursts (with little or no provocation) typically expressed as verbal or physical aggression toward people or objects." ECF No. 14-1 at 9. Dr. Kay found that plaintiff had "[m]arkedly diminished interest or participation in significant activities" and difficulty establishing and maintaining effective work and social relationships. *Id.*. Dr. Kay also noted that plaintiff experiences "[r]ecurrent, involuntary, and intrusive distressing memories of the traumatic event(s)," as well as problems with concentration, hypervigilance, and sleep disturbances. *Id*. Ultimately, Dr. Kay concludes that plaintiff's PTSD symptoms "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." *Id*.

While Dr. Kay's impressions do not specify the degree of plaintiff's limitations in terms customarily utilized in Social Security decisions, they nevertheless constitute medical opinions

5

under the regulations.[2] *See* 20 C.F.R. § 404.1513(a)(2); *see also Lubin v. Comm'r Soc. Sec.*, 507 F. App'x 709, 711 (9th Cir. 2013) (holding that the ALJ erred in rejecting psychologist's opinion that the claimant "exhibited 'a severe level of depression and anxiety;' was unable to maintain persistence and pace for 8 hours a day, 5 days a week; and had problems with concentration").

"[U]nder the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). "'The agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source, and explain how it considered the supportability and consistency factors in reaching these findings.'" *Kitchen*, 82 F.4th at 739 (quoting *Woods*, 32 F.4th at 792).

Here, the ALJ not only failed to include the DBQ in the administrative record, but he also makes no mention of Dr. Kay's opinion. Accordingly, the ALJ erred by failing to consider Dr. Kay's opinion in assessing whether plaintiff is disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The court is also not persuaded that the ALJ's failure to consider Dr. Kay's assessment and opinion was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate non-disability determination")

---

[2] As previously noted, the DBQ was prepared to in relation to plaintiff's application for VA disability benefits. The agency's "2017 regulations removed any requirement for an ALJ to discuss another agency's" disability decision or rating. *Kitchen v. Kijakazi*, 82 F.4th 732, 738-39 (9th Cir. 2023). However, under the revised regulations, an ALJ is still required to "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision." 20 C.F.R. § 404.1513.

Application of the harmless error analysis "is fact-intensive—'no presumptions operate' and [the court] must analyze harmlessness in light of the circumstances of the case." *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

With respect to plaintiff's mental limitations, the ALJ found that plaintiff maintained the ability to understand, remember and carry out simple instructions, tolerate occasional interactions with others and occasional workplace changes. AR 21. In reaching that conclusion, the ALJ relied to a large degree on the opinion of consulting psychologist Kasha Koeslag, Psy.D., who opined that plaintiff was mildly impaired in maintaining concentration and attention, and moderately impaired in responding appropriately to others. AR 26, 491. Notably, the ALJ rejected Dr. Koeslag's opinion that plaintiff was moderately to markedly impaired in his ability to deal with changes in routine, finding that the opinion was Dr. Koeslag's mild cognitive findings on examination.

Arguably, Dr. Kay's assessment and opinion provide support for Dr. Koeslag's conclusion that plaintiff was moderately to markedly impaired in dealing with changes, while also suggesting that plaintiff's ability to interact with others is more limited than the ALJ found. Dr. Kay's findings and opinions, however, were never considered in assessing plaintiff's functional limitations, and the court cannot confidently conclude that had the ALJ done so he would have reached the same determination. *See Marsh*, 792 F.3d at 1173 ("[W]here the ALJ did not even mention Dr. Betat's opinion that Marsh's chronic bursitis rendered her 'pretty much nonfunctional,' we cannot 'confidently conclude' that the error was harmless."); *Stout*, 454 F.3d at 1055-56 (holding that "a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [ignored evidence], could have reached a different disability determination"). The court therefore cannot find that the error was harmless.

Accordingly, this matter must be remanded to allow for the ALJ to consider Dr. Kay's opinion, as well as any other evidence that was improperly omitted from the record.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 14, is GRANTED.

7

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.


Dated:   March 30, 2026            _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE