UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN THIXTON,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:24-cv-3478-JDP (SS)

ORDER

On March 31, 2026, the court granted plaintiff's motion for summary judgment, denied the Commissioner's motion, and ordered that this matter be remanded for further proceedings. ECF No. 20. On July 7, 2026, plaintiff filed a motion for a six-day extension of time to file his request for EAJA fees. ECF No. 22. The Commissioner opposes it. ECF No. 24. For the reasons stated below, plaintiff's motion is denied.

EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding that a remand based on sentence four becomes a final judgment for purposes of attorney fees under the EAJA upon expiration of the time for appeal). In civil cases where the federal government is a party, the time for appeal does not end until sixty days after entry of judgment. Fed. R. App. P. 4(a). Therefore, to be

considered timely, an EAJA petition in social security cases must be filed within ninety days of the district court's entry of judgment. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007).

"Although the thirty-day time period is not jurisdictional, *Scarborough v. Principi,* 541 U.S. 401, 413-14[] (2004), the time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005). Untimeliness, then, is a statutory bar that requires denial of the EAJA fee application. *See* [*id.*] at 1090." *Brossard v. Astrue*, No. 09-cv-5072-BHS, 2010 WL 1734836, at *2 (W.D. Wash. Apr. 28, 2010).

As noted above, the court granted plaintiff's motion for summary judgment on March 31, 2026. ECF No. 20. The judgment became final and appealable 60 days later on May 31, 2026. *See* Fed. R. App. P. 4(a). Thus, plaintiff had until July 1, 2026, to file his motion for attorney fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1) (A)-(B). Plaintiff did not file his motion until July 7, 2026.

Plaintiff argues that the court should look past the waiver of sovereign immunity and instead allow him to extend the deadline pursuant to Federal Rule 6(b) because the missed deadline was due to excusable neglect. ECF No. 22 at 4. He argues that "[t]he circumstances show an inadvertent, nonprejudicial filing error rather than bad faith or deliberate disregard of the Court's procedures." While the court does not doubt the sincerity of plaintiff's counsel's argument that the delay was inadvertent, the court must note that the issue at bar is not court procedures but rather the EAJA. Plaintiff fails to identify any authority that would allow the court to waive the government's sovereign immunity and impose a new deadline. *See Brossard*, 2010 WL 1734836, at *2 (finding that the plaintiff failed to support his argument that Rule 6(b) could be applied when the plaintiff missed the EAJA filing deadline). Indeed, the Comissioner cites cases where the court has denied EAJA petitions that are even one day late. *See Wall on behalf of J.W. v. Berryhill*, Case No. 1:16-cv-0752-JLT, 2018 WL 3636997 (E.D. Cal. July 28, 2018).

The Commissioner argues that plaintiff has missed the deadline, and therefore the court cannot consider his EAJA application—and that even if the court were to consider plaintiff's claim of excusable neglect, that the Court of Appeals "has explicitly found that, even assuming that the EAJA deadline could be equitably tolled, 'a garden variety claim of excusable neglect' would not entitle a plaintiff to such tolling." ECF No. 24 at 4 (citing *Sanchez v. Astrue*, 273 F. App'x 686, 687 (9th Cir. 2008) (quoting *Irwin v. Dep't of Veterans Affair*s, 498 U.S. 89, 96 (1990)). Plaintiff has explicitly argued that he does not argue tolling should apply, *see* ECF No. 25 at 1, and even if the court were to consider such argument, the court agrees with the Commissioner that this appears to be the "garden variety claim" that the Court of Appeals has found inapplicable for tolling.

In his reply, plaintiff raises a new argument: he claims that the issue is not whether the deadline to file is jurisdictional, but rather whether it is a "claims-processing" issue. ECF No. 25 at 2. The court agrees that the issue is not jurisdictional, but that is of no consequence because the real issue is whether the Commissioner has waived the government's sovereign immunity for late EAJA applications, and the Court of Appeals has said no. *See Arulampalam*, 399 F.3d at 1089 ("We have held that the thirty day limitation period under the EAJA for submitting fee applications should be narrowly construed, as it is a waiver of sovereign immunity.") (cleaned up).

Accordingly, it is hereby ORDERED that plaintiff's motion for an extension of time, ECF No. 22, is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE